UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JESSICA L. FAGRE, as the Personal Representative of the Estate of AMBROSHIA E. FAGRE,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT W. IRELAND et al.<br><br>Defendants. | Docket No.: 1:19-cv-00083-LEW |

**DEFENDANT JEFFREY PARKS'S
ANSWER TO THE COMPLAINT**

Defendant Jeffrey Parks answers the Complaint (Docket #1) as follows:

1.  Defendant Parks admits that the Plaintiff brought a civil rights and wrongful death action against the Defendants. Defendant Parks otherwise denies the allegations in this paragraph.

**I.   PARTIES**

2.  Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

3.  Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

4.  Admitted.

5.  Admitted.

6.  Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

1

## II.     STATEMENT OF FACTS

7.     Defendant Parks admits that, on February 10, 2017, he and Scott Ireland fired shots at the driver of a vehicle in which Ambroshia E. Fagre was a passenger, and otherwise denies the allegation.

8.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

9.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

10.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

11.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

12.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

13.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

14.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

15.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

16.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

17.     Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

18. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

19. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

20. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

21. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

22. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

23. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

24. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

25. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

26. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

27. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

28. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

29. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

30. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

31. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

32. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

33. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

34. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

35. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

36. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

37. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

38. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

39. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

40. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

41. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

42. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

43. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

44. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

45. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

46. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

47. Admitted.

48. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

49. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

50. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

51. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

52. Admitted.

53. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

54. Admitted.

55. Admitted.

56. Defendant Parks admits that he moved behind his cruiser, but denies that he did so after the Durango started moving.

57. Denied.

58. Trooper Parks admits that he fired several rounds at the driver of the Durango, and otherwise denies this allegation.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted.

66. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

67. Denied.

68. Admitted.

69. Admitted.

70. Admitted.

71. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

72. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

73. Admitted.

## CLAIMS FOR RELIEF

### *Count One*
### Excessive Force, Pursuant to 42 U.S.C. § 1983, Fourth Amendment of the United States Constitution as to Defendants Parks, Ireland, and Brown

74. Defendant Parks incorporates his responses to all previous paragraphs as if stated herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

84. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

85. Denied.

86. Denied.

*Count Two*
**Excessive Force, Pursuant to 5 M.R.S. § 4682 and Article 1 § 5 of the State of Maine Constitution as to Defendants Parks, Ireland, and Brown**

87. Defendant Parks incorporates his responses to all previous paragraphs as if stated herein.

88. Denied.

89. Denied.

*Count Three*
**Failure to Provide Police Protection Against Defendants Ireland, Parks, and Brown under the 14th Amendment of the United States Constitution**

90. Defendant Parks incorporates all previous paragraphs as if stated herein.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

*Count Four*
**Negligence Against Defendants Ireland, Parks, and Brown**

96. Defendant Parks incorporates his responses to all previous paragraphs as if stated herein.

97. Defendant Parks admits that Plaintiff provided to the Maine State Police a document purporting to be a Notice of Tort Claim, and otherwise denies the allegations of this paragraph.

98. The allegations of this paragraph state a conclusion of law, to which no response is required. To the extent a response is required, Defendant Parks lacks knowledge or

information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

### Count Five
### Wrongful Death, Pursuant to 18-A M.R.S.A. § 2-804 as to Defendants Parks, Brown, and Ireland

104. Defendant Parks incorporates his responses to all previous paragraphs as if stated herein.

105. Defendant Parks admits that Plaintiff provided to the Maine State Police a document purporting to be a Notice of Tort Claim, and otherwise denies the allegations of this paragraph.

106. Denied.

107. This paragraph requires no response as it does not allege any facts. To the extent a response is require, Defendant Parks denies the allegations of this paragraph.

### Count Six
### Wrongful Death – Conscious Pain and Suffering Pursuant to 18-A M.R.S.A. § 2-804 as to Defendants Ireland, Parks, and Brown

108. Defendant Parks incorporates his responses to all previous paragraphs as if stated herein.

109. Defendant Parks lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore denies them.

110. This paragraph requires no response as it does not allege any facts. To the extent a response is require, Defendant Parks denies the allegations of this paragraph.

## V.   REQUEST FOR RELIEF

111. Defendant Parks denies that Plaintiff is entitled to any of the relief set forth in this paragraph.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for which relief may be granted.

2. Plaintiff's claims against Defendant Parks are barred by qualified immunity.

3. Plaintiff's claims against Defendant Parks are barred by one or more of the immunities set forth in 14 M.R.S. § 8111, including discretionary function immunity (14 M.R.S. § 8111(1)(C)) and intentional act immunity (14 M.R.S. § 8111(1)(E)).

4. The decedent was not seized by Defendant Parks through means intentionally applied.

5. Defendant Parks's actions do not shock the conscience.

6. Plaintiff failed to comply with the notice requirements of 14 M.R.S. § 8107.

7. The damages sought were the proximate result of the sole or comparatively greater fault of the decedent, which bars or reduces the claims.

8. The decedent's injuries resulted solely and exclusively from the acts of third parties, over which Defendant Parks had no control.

9. The decedent's alleged injuries were proximately caused by an independent and efficient intervening cause, and not by any conduct of Defendant Parks.

10. Any damages attributable to Defendant Parks are subject to the caps set forth in the Maine Tort Claims Act, including 5 M.R.S. § 8104-D and 5 M.R.S. § 8105.

WHEREFORE, Defendant Parks requests that this Court dismiss the complaint, enter judgment in the Defendant's favor, and award Defendant his costs.

Dated:  May 21, 2019					AARON M. FREY
							Attorney General

							/s/ Jonathan R. Bolton
							JONATHAN R. BOLTON
							Assistant Attorney General
							Office of the Attorney General
							6 State House Station
							Augusta, ME 04333-0006
							Tel. (207) 626-8800
							jonathan.bolton@maine.gov


							*Attorney for Defendant Jeffrey Parks*

## CERTIFICATE OF SERVICE

I certify that on May 21, 2019, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to counsel for all parties of record.

/s/ Jonathan R. Bolton

Jonathan R. Bolton
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
jonathan.bolton@maine.gov